UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC LEE ERICKSON,

    Petitioner,

v.                                              Case No. 4:18cv512-WS-CJK

STATE PROSECUTOR, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 7). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Because petitioner's application fails to meet the minimum pleading standards for habeas relief even after amendment, this action should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently confined at Florida State Hospital in Chattahoochee, Florida. (Doc. 7, p. 1). Petitioner filed his amended petition pursuant to the court's November 13, 2018, order (doc. 4), which found petitioner's original petition facially deficient in several respects. Petitioner's amended petition names as respondents: "State Prosecutor" and "Leon County Jail". (Doc. 7, p. 1). When asked

on the petition form what this petition concerns (a conviction, a sentence, etc.), petitioner checked the box marked "Other", and wrote: "None". (*Id.*, p. 2). When directed on the petition form to provide information concerning any underlying criminal case, petitioner identified this habeas case. (*Id.*). When directed on the petition form to state the grounds which support his claim that he is confined unlawfully, petitioner writes: "Fla. Stat. § 943.0435(b)(2)", and provides these supporting facts:

> 4-5-18 DMV 8:35 AM. Florida's sex offender registration Florida Identification Card transient residence Sheriff's Office within 2 business days Sheriff 30 days Florida Tallahassee.

(*Id.*, p. 3). Petitioner attaches a Resident Property Receipt from the Leon County Detention Center listing items and articles of clothing that were apparently released for petitioner on April 6, 2018. (*Id.*, Attach.). Petitioner does not indicate what relief he seeks from this court. (*Id.*, p. 6).

## DISCUSSION

Title 28 U.S.C. § 2243 authorizes summary dismissal of a petition for writ of habeas corpus if "it appears from the application that the applicant or person detained is not entitled thereto." A person is not entitled to habeas relief "unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2241. A person applying for habeas relief must "allege the facts

concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.

Petitioner's amended petition (and even his original petition) fails to satisfy the most minimum statutory pleading requirements. Petitioner's pleadings are incoherent, fail to allege facts concerning petitioner's commitment or detention, fail to name the person who has custody over him, fail to specify the grounds for relief or the basis on which petitioner challenges his confinement, and fail to set forth any facts from which it may be inferred that his constitutional rights have been violated. As petitioner plainly fails to plead a claim cognizable on federal habeas review even with the benefit of amendment, this action should be dismissed without prejudice. *See Wade v. Yeager*, 377 F. 2d 841 (3d Cir. 1967) (dismissing § 2241 petition without prejudice because it contained conclusory allegations that were not substantiated by any statement of facts; "We recognize that a petition for habeas corpus prepared by a prisoner without the aid of counsel must be read with a measure of tolerance. However, he should not be relieved of the statutory requirement to state the facts upon which his claim to relief is predicated.").

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE for petitioner's failure to satisfy statutory pleading requirements for seeking habeas relief.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 4th day of December, 2018.

<u>/s/ *Charles J. Kahn, Jr.*</u>
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.